# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WILLIAMS, R-12713, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 18−cv–01675−NJR |
| SCOTT PRINCE, | ) |
| JACQUELINE LASHBROOK, | ) |
| and JOHN BALDWIN, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William Williams, an inmate of the Illinois Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Menard Correctional Center ("Menard"). (Doc. 1). In the Complaint, Plaintiff claims that he was sexually harassed and assaulted by his work supervisor in violation of his Eighth Amendment rights. (Doc. 1, pp. 10, 14). In connection with this claim, he names Scott Prince (work supervisor), Jacqueline Lashbrook (warden), and John Baldwin (Illinois Department of Corrections Director) as defendants. *Id*. Plaintiff seeks money damages and injunctive relief. (Doc. 1, p. 17).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that he was harassed and assaulted by his work supervisor at Menard. (Doc. 1, pp. 5-14). For two years, Supervisor Prince made sexual advances toward him that included grabbing Plaintiff's buttocks and showing Plaintiff his penis. *Id*. On November 29, 2017, Supervisor Prince shoved a finger into Plaintiff's rectum, saying, "[T]hat's how my girls like it." (Doc. 1, p. 14). Afterward, Plaintiff noticed blood in his underwear. *Id*. He filed a grievance the same day, and Warden Lashbrook authorized an emergency investigation into the matter on December 11, 2017.[1] *Id*. Plaintiff was interviewed by an internal affairs officer,[2] a nurse, and a mental health provider. *Id*. When he reported panic attacks, mental distress, and sleeplessness, Plaintiff was given psychotropic medication. *Id*. However, investigators concluded that his allegations were unsubstantiated. (Doc. 1, pp. 7-8).

## Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint, as follows:

**Count 1:** Eighth Amendment claim against Supervisor Prince for sexually harassing and/or assaulting Plaintiff at Menard.

**Count 2:** Eighth Amendment claim against Warden Lashbrook and Director Baldwin for failing to protect Plaintiff from the sexual harassment and/or assault by Supervisor Prince.

---

[1] Plaintiff also reported the incident to Larry Hale, who was not present during the assault and was not named as a defendant. (Doc. 1, pp. 10, 14). When parties are not listed in the caption, this Court will not treat them as defendants. FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against Hale should be considered dismissed without prejudice.

[2] Plaintiff identifies the internal affairs officer as "Mrs. Masterson," but he does not name this individual as a defendant in the Complaint or bring any claims against her. (Doc. 1, p. 10).

**Any claim not identified above but encompassed by the allegations shall be considered dismissed without prejudice for failure to satisfy the *Twombly* pleading standard.**

The Eighth Amendment bars prison officials from "unnecessarily and wantonly inflicting pain on inmates." *Rivera v. Drake*, 497 F. App'x 635, *2 (7th Cir. 2012) (citing *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). The pain can be physical or psychological, such as when a strip search is conducted in a manner that is intended to humiliate an inmate. *Mays v. Trancoso*, 412 F. App'x 899, *3 (7th Cir. 2011) (citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *see Whitman*, 368 F.3d at 934; *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Although Prince's conduct did not coincide with a strip search, his actions were nevertheless humiliating, maliciously motivated, and unrelated to institutional security. *Id*. As a result, Count 1 shall receive further review against this defendant.

The same cannot be said of Count 2 against Warden Lashbrook and Director Baldwin. Plaintiff cannot pursue relief against these defendants based entirely on their supervisory roles. A failure-to-protect claim against an individual defendant arises when the defendant is aware of a specific, impending, and substantial threat to the plaintiff and acts with deliberate indifference to his safety—often by failing to take any action. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). The allegations do not suggest that Lashbrook or Baldwin knew that Prince posed any risk of harm to Plaintiff *before* the incident on November 29, 2017, or that they failed to prevent further harm to Plaintiff *after* learning of it. Accordingly, Count 2 shall be dismissed without prejudice against Lashbrook and Baldwin.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). A district court faced with a request for counsel must ask two questions: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff produced copies of letters he sent to counsel seeking representation. Unfortunately, however, he included no responses from the attorneys. Further, Plaintiff has demonstrated the ability to represent himself in this straightforward case involving a single issue and a single defendant. His pleadings are organized and coherent. Other than his limited education, Plaintiff cites no other language, mental health, or medical barriers to *pro se* litigation. Plaintiff may renew his motion for counsel at any time it becomes necessary to do so as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendant **SCOTT PRINCE**. However, **COUNT 2** is **DISMISSED** without prejudice against Defendants **JACQUELINE LASHBROOK** and **JOHN BALDWIN** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **JACQUELINE LASHBROOK (official capacity only)** shall remain named as a defendant based on the request for injunctive relief.[3]

---

[3] The Court interprets Plaintiff's request for injunctive relief as a request for relief at the close of the case. If he seeks more immediate relief, Plaintiff should file a separate motion for a temporary restraining order and/or preliminary injunction under Rule 65(a) and/or (b) of the Federal Rules of Civil Procedure. He may do so at any time during the pending action.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SCOTT PRINCE** and **JACQUELINE LASHBROOK (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 2, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**